IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-03127-01-CR-S-ODS |
| | ) | |
| DEBRA JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

On January 9, 2005, the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, issued his Report and Recommendation (the "Report") recommending that Defendant's Motion to Suppress be denied. Defendant has filed timely objections to the Report. The Court has conducted a de novo review of the record, and now overrules Defendant's objections.

A detailed discussion is not required in light of the Report's thoroughness. In particular, the Court notes Defendant was the subject of an arrest warrant. This justified entry onto her property in order to effectuate the arrest. The Court does not believe law enforcement officers were constitutionally required to have information substantiating that Defendant was actually on her property or in her house before attempting to locate and arrest her at those locations. The very fact that this was her property and the place she lived provided a reasonable belief she would be found there. United States v. Risse, 83 F.3d 212 (8th Cir. 1996), the case upon which Defendant primarily relies, is distinguishable. In that case, the issue was whether the law enforcement officers executing the warrant had a reasonable belief that the residence they entered was the defendant's residence. The issue was not whether the officers had a reasonable belief the defendant was actually at his residence. 83 F.3d at 217 ("Based on the evidence presented, it is clear that Wessels' belief that Rhoads resided on Huntington Road was,

as a matter of law, reasonable, and thus the officers could enter the residence armed only with an arrest warrant for Rhoads.").

Even if the Court's legal analysis is flawed, the Court also notes Deputy Sheriff Wallace testified he received information that Defendant was at her residence. The record might not support issuance of a search warrant, and might not justify executing the arrest warrant at a third-parties' residence, but it was sufficient to justify Deputy Wallace's attempt to arrest Defendant at her residence.

Defendant's objections are overruled. Judge England's Report is adopted as the Order of the Court, and Defendant's Motion to Suppress is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: February 14, 2006        UNITED STATES DISTRICT COURT